BEFORE THE SECOND DIVISION, MAY 26, 1965

No. 69323.—United Cutlery & Hardware Prods. Co. *v.* United States, protest 60/24797 (New York).

RAO, Judge: The merchandise involved in the instant case consists of letter openers and scabbards which were assessed with duty at the rate of 18 per centum

ad valorem pursuant to the provision in paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for household utensils, not plated with platinum, gold, or silver, composed wholly or in chief value of base metal.

It is claimed in the protest and by amendment thereof that the letter openers and scabbards are separately dutiable, the former at the rate of 13½ per centum ad valorem within said paragraph 339, as modified, *supra*, as household utensils, not plated with platinum, gold, or silver, composed wholly or in chief value of brass, and that the scabbards are manufactures in chief value of leather, other than reptile leather, not permanently fitted, which are dutiable at the rate of 11 per centum ad valorem within the provisions of paragraph 1531 of said act, as modified by said sixth protocol.

At the trial of this action, a sample of the letter opener and scabbard was initially marked as plaintiff's exhibit 1 for identification, and the parties orally stipulated the following facts:

1. That the merchandise, which has been marked plaintiff's exhibit 1 for identification, is chiefly used in the home for utilitarian purposes.

2. That the metal portion of exhibit 1 for identification is chiefly of brass, not plated with gold, platinum, or silver, and not enameled or glazed with vitreous glasses.

It was further stipulated that the scabbard portion of the importation is a manufacture in chief value of leather, other than reptile leather, not permanently fitted.

The sole question in this case derives from a dispute as to whether the sample marked plaintiff's exhibit 1 for identification is truly representative of the imported merchandise. If it is, and in view of the concession that the metal portion of plaintiff's exhibit 1 for identification is chiefly of brass, the claim of the plaintiff must, of course, be sustained. If it is not, then seemingly there is no evidence to support a classification different from that made by the collector.

Evidence as to the identity of the sample was introduced at the trial by plaintiff's witness, Morris Barbanell, the owner of the importer company. This witness stated that he personally bought the merchandise in controversy, which is listed on the invoice as items 354 MI, 180 MI, 942 MI, and 942/7/1. Mr. Barbanell described plaintiff's exhibit 1 for identification as his company's number 3016–G, which the manufacturer numbered 942/7/1, and testified that it is representative of all of the merchandise in the shipment in respect to quality, although the others were of different types. Whereupon the sample previously marked for identification was received in evidence as plaintiff's exhibit 1.

On cross-examination, this witness testified that he obtained plaintiff's exhibit 1 from the shipment covered by the very invoice which is presently before the court. Although he admitted that the manufacturer of the merchandise at bar generally was quite accurate in describing the goods which were shipped, he believed that some confusion might have resulted with respect to the instant merchandise in the process of translating German into English and, as a consequence, brass letter openers might have been invoiced as brass-plated letter openers. He further stated that he had a simple way of testing for brass-plated articles. A brass-plated article will adhere to a magnet. A brass article will not.

Counsel for the Government urges that the testimony of plaintiff's witness was insufficient to prove that the sample received in evidence as plaintiff's exhibit 1 was representative of the imported items, since it plainly conflicts with the invoice description of the items in issue, all of which were specifically designated as being brass plated.

438

The case of *United States* v. *Wo Kee & Co.*, 21 CCPA 341, T.D. 46880, was cited in support of the proposition that invoice descriptions are admissions against interest and are presumptively correct. Counsel further adverts to the testimony concerning the accuracy of the manufacturer's invoice descriptions as indicative of the correctness of the statement that the subject letter openers were brass plated. Morover, it is contended that one who manufactures an article is in a better position to know the material of which it is composed than one who merely tests it.

It must be remembered, however, that Mr. Barbanell gave his evidence under oath. He positively identified the exhibit as coming from the instant shipment and gave a very plausible explanation for the apparently misleading invoice description. It was the opinion of the trial court, as expressed by Judge Ford, that "the witness has testified in an honest and forthright fashion."

While it is true that, in the *Wo Kee* case, *supra*, the court considered an invoice description as an admission against interest, it was also recognized that an importer is not precluded from proving the incorrectness thereof when the matter is contradicted by the protest. Moreover, not every invoice statement is a potential admission against interest. The rule is as succinctly stated in the case of *W. T. Grant Company* v. *United States*, 38 CCPA 57, 63, C.A.D. 440:

Admissions by a party, of course, may be introduced into evidence against him by his party opponent. 4 Wigmore on Evidence (3d Ed.) Sec. 1048; 1 Jones on Evidence (4th Ed.) section 236. Declarations in invoices and entry papers *made by the importer* may be admitted into evidence against him as admissions against his interest. It should be carefully noted, however, that statements appearing in an invoice not prepared or made by the importer ought not be admitted into evidence against him as admissions unless there is sufficient privity between a foreign seller, shipper, or manufacturer and the importer as to bring the invoice prepared by the former under the admissions rule. Whether or not there is such privity we need not here decide. See 4 Wigmore on Evidence (3d Ed.) section 1080 *et seq.*, 1083; 1 Jones on Evidence (4th Ed.) section 239. [Italics quoted.]

We find no evidence in the instant case tending to controvert the sworn testimony of the witness for the plaintiff that the article marked plaintiff's exhibit 1 was taken from the shipment covered by the protest at bar, and that it is representative of the quality of all of the letter openers under the designated invoice numbers.

In view thereof and by reason of the stipulation to the effect that the metal portion of plaintiff's exhibit 1 is in chief value of brass, we hold the said letter openers, identified by invoice numbers as aforesaid, to be separately dutiable at the rate of 13½ per centum ad valorem, as household utensils, not plated with platinum, gold, or silver, composed wholly or in chief value of brass, as provided in paragraph 339 of the Tariff Act of 1930, as modified by the sixth protocol, *supra*, and that the scabbard portions of the designated letter openers are dutiable at the rate of 11 per centum ad valorem in paragraph 1531 of said act, as modified by said sixth protocol, as manufactures in chief value of leather, other than reptile leather, not permanently fitted.

The claim in the protest is sustained to the extent indicated. All other claims are, however, overruled.

Judgment will be entered accordingly.